**CHAPMAN REALTY CO., Inc. v. CRUMP et al.**

No. 1047.

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1951.

Decided May 15, 1951.

Elmer F. Bennett, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee Nannie Mayes Crump.

William J. Rowan, Washington, D. C., for appellee Elizabeth M. Beall.

No appearance for appellees Peter W. Hudson and Mrs. Peter W. Hudson.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, a real estate broker, was employed by Miss Crump to find a purchaser for an apartment building. Mrs. Beall, a saleswoman employed in appellant's office, interested Mrs. Hudson in purchasing the property. As a result Mrs. Hudson signed a contract for the purchase of the property at a price of $77,500 and also signed a check for $1,000 as a deposit on the purchase price. She signed both the contract and the check in the name of Peter W. Hudson, her husband. Mrs. Beall presented the contract to Miss Crump and she signed it. The Hudsons refused to perform the contract and the check was dishonored for insufficient funds.

Miss Crump sued the broker for $1,000, alleging that upon default by the proposed purchasers she declared a forfeiture of the deposit "but due to the defendant's misrepresentation the plaintiff has been unable to secure the same according to the terms of the contract." On trial by court without a jury Miss Crump was awarded judgment for $500 against the broker who has appealed.[1]

The complaint failed to specify the alleged misrepresentation of the broker but the theory of the claim appears to be that

1. A counterclaim and various third-party claims were also filed but the trial court found adversely to all of them.

the broker failed to disclose to the principal the fact that the deposit was represented by a check and not by cash. The contract, which was on a printed form in use by the broker, recited the receipt by the seller of a deposit of "One Thousand Dollars ($1,000.00) (Check) (Cash) to be applied as part payment." The contract provided that in case the purchaser failed to comply, the deposit could be forfeited at the option of the seller, and it further provided: "The entire deposit shall be held by Chapman Realty Co., Inc., Agent, until settlement hereunder is made or until the deposit is forfeited. In the event of the forfeiture of the deposit, the Agent shall retain one-half thereof as a compensation for his services and shall pay to the seller the remaining one-half of the forfeited deposit."

With respect to the deposit, Miss Crump testified that when she signed the contract she did not know whether the deposit "was a check or cash or what it was," that she "was not concerned with it at that time," that four days after she signed the contract Mrs. Beall called and said the check had been cashed, that ten days later Mrs. Beall informed her the check had been returned for insufficient funds but Mrs. Hudson had promised to make it good, that she (Miss Crump) agreed to give Mrs. Hudson an extension of time for that purpose but the check was never made good. According to Mrs. Beall's testimony Miss Crump knew all along that the deposit was in the form of a check and that it was probably no good, but in view of the trial court's finding we accept the testimony of Miss Crump.

In support of the judgment appellee argues that when a broker presents to his principal a proposed contract of sale, which contract calls for a deposit to be held by the broker, it is the duty of the broker to disclose to the principal whether the deposit is represented by cash or check; that in the absence of such disclosure the presentation of the contract amounts to a representation by the broker that the deposit is in cash; and that under the circumstances here the principal was entitled to assume that the broker had a cash deposit of $1,000. Even if we accept this argument as valid, the record still discloses no actionable misrepresentation. It is essential to actionable fraud that the party to whom the misrepresentation is made must not only be warranted in accepting it, but must also actually accept it and rely upon it. Rosenberg v. Howle, D.C.Mun.App., 56 A.2d 709. Miss Crump testified that when she signed the contract she did not know whether the deposit was a check or cash or what it was, and that she was not concerned with it at that time. If she was not concerned about the form of the deposit, it cannot be said that she assumed it was cash or that she signed the contract either on her assumption or the broker's representation that the deposit was in cash.

Furthermore, the measure of damages in cases of deceit includes only the direct consequences of the false representations. Horning v. Ferguson, D. C. Mun.App., 52 A.2d 116. If we assume that the broker falsely represented that the deposit was in cash and that the principal signed the contract in reliance on that representation, there still can be no recovery without a showing of resulting damages. The measure of damages is not the loss of the deposit because there never was an actual deposit. The check was worthless from the beginning and a disclosure by the broker that the deposit was represented by a check would not have made the check good. If Miss Crump suffered any damages by reason of entering into the contract, she has not proved them. The judgment against the broker cannot stand.

Appellant also assigns errors with respect to the judgments on the counterclaim and third-party complaints in the event the judgment against it is sustained. Since that judgment is not sustained, we do not reach those assignments of error.

The judgment in favor of Nannie Mayes Crump against Chapman Realty Company, Inc., in the sum of $500 is reversed with instructions to enter judgment in favor of Chapman Realty Company, Inc. The judgments on the counterclaim and third-party complaints are affirmed.