Leon **CHERNER**, Henry Gertler and Samuel Mamsh, Co-Partners, t/a Cherner-Shirlington Motor Company, Appellants,

v.

John R. **HALL**, Appellee.

No. 2540.

Municipal Court of Appeals for the District of Columbia.

Argued March 28, 1960.

Decided June 7, 1960.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Bernard W. Kemp, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellants in their complaint alleged that they sold an automobile to appellee under a conditional sales contract providing for monthly payments; that the latter had defaulted in these payments, whereupon the vehicle was repossessed and resold resulting in a net deficiency of $1,693.38 for which they asked judgment plus attorney's fees as provided in the contract. Appellee admitted the sale and repossession but counterclaimed alleging fraud in the transaction in that it had been represented to him that the car was new; that after the sale had been consummated it developed

that the car delivered to him was a used automobile. He claimed that as a result of this fraudulent misrepresentation he had been damaged and claimed the sum of $1,734.82 as compensatory damages and $1,265.18 punitive damages.

After a trial the court found that appellants had been guilty of fraud in the transaction, made a finding in favor of appellee on appellants' claim because of the fraud, and refused to allow compensatory damages but made a finding of $400 punitive damages. The principal question on appeal is whether the court was justified in finding that the sale was fraudulent.

 The burden was on the appellee to prove the elements of fraud by clear and convincing evidence. He was required to prove not only that the representation was made that the car was new, that the representation was false in that it was not new but used, and that the misrepresentation was material, but he was also required to prove that he relied on such misrepresentation.

"It is essential to actionable fraud that the party to whom the misrepresentation is made must not only be warranted in accepting it, *but must also actually accept it and rely upon it.*" [1] (Emphasis supplied.)

The case is entirely devoid of any evidence that the appellee relied upon the alleged misrepresentation. The court may have been justified in finding that a false representation had been made and that it was material, but appellee who was not present at the trial neither testified nor offered any evidence that he relied upon it, and there is nothing in appellants' evidence that would justify the court in finding that appellee did rely upon the misrepresentation. For this reason we are required to reverse.

Reversed with instructions to grant a new trial.

1. Chapman Realty Co. v. Crump, D.C.Mun. App., 80 A.2d 615, 616. See also Rosenberg v. Howle, D.C.Mun.App., 56 A.2d 709.